UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOSEPH A. CATALFAMO, SR.,

    Plaintiff,

                **DECISION & ORDER**
v.                17-CV-0496-JWF

NANCY A. BERRYHILL, acting
Commissioner of the Social
Security Administration,

    Defendant.

## Preliminary Statement

Plaintiff Joseph A. Catalfamo, Sr. ("plaintiff" or "Catalfamo") brought this action pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3) seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). See Compl. (Docket # 1). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Docket ## 8, 10. For the reasons that follow, plaintiff's motion (Docket # 8) is **denied** and the Commissioner's motion (Docket # 10) is **granted**.

## Background and Procedural History

Plaintiff filed his applications for SSI on April 23, 2013 and for DIB on May 22, 2013, alleging disability beginning on October 15, 2010. Administrative Record ("AR") at 77-96. Plaintiff's applications for DIB and SSI were denied on October

28, 2013 and plaintiff requested a hearing. Id.; AR at 115-16. Plaintiff appeared at the video hearing before Administrative Law Judge Stephen Cordovani ("the ALJ") with his attorney, Lewis L. Schwartz, Esq., on August 10, 2015. AR at 33-74. Plaintiff and a vocational expert ("VE") testified at the hearing. Id.

The ALJ issued an unfavorable decision on January 5, 2016. AR at 13-28. Plaintiff timely filed a request for review by the Appeals Council. See AR at 1. On May 19, 2017, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR at 1. Plaintiff then commenced this appeal.

## Discussion

Standard of Review: The scope of this Court's review of the ALJ's decision denying benefits to plaintiff is limited. It is not the function of the Court to determine *de novo* whether plaintiff is disabled. Brault v. Soc. Sec. Admin., Comm'r, 683 F.3d 443, 447 (2d Cir. 2012). Rather, so long as a review of the administrative record confirms that "there is substantial evidence supporting the Commissioner's decision," and "the Commissioner applied the correct legal standard," the Commissioner's determination should not be disturbed. Acierno v. Barnhart, 475 F.3d 77, 80-81 (2d Cir. 2007) (quoting Pollard v. Halter, 377 F.3d 183, 188 (2d Cir. 2004)). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion." Brault, 683 F.3d at 447–48 (internal citations and quotations omitted). "Even where the administrative record may also adequately support contrary findings on particular issues, the ALJ's factual findings must be given conclusive effect so long as they are supported by substantial evidence." Genier v. Astrue, 606 F.3d 46, 49 (2d Cir. 2010) (internal quotations omitted).

The Residual Functional Capacity ("RFC") Assigned by the ALJ: At Step Two of the familiar five-step sequential process used to evaluate disability claims, the ALJ found plaintiff to be suffering from the following severe impairments: low back impairment, generalized anxiety disorder, and a history of polysubstance abuse. After considering the hearing testimony, including that of the plaintiff and the VE, and analyzing the medical evidence within the record, the ALJ determined that Catalfamo could perform light work, with limitations including lifting or carrying 20 pounds occasionally and ten pounds frequently, sitting and standing or walking for six hours a day, frequently bending, climbing, and balancing, and occasionally kneeling, crouching, and crawling. AR at 17. The ALJ further refined plaintiff's RFC by restricting him to working in a low stress environment where he could understand, remember, and carry out simple instructions and tasks, but have no supervisory duties, no engagement in independent decision-making, and no subjection to strict production quotas. Id. Further, the

3

ALJ found that Catalfamo could tolerate only minimal changes in work routines and processes and engage in frequent interaction with supervisors but only occasional interaction with co-workers and the general public. Id. The assigned RFC also required plaintiff to be able to alternate between sitting and standing at will. Id.

Analysis: In seeking to reverse the decision of the Commissioner, the plaintiff contends that the ALJ erred by (1) discounting some medical opinions and relying more heavily on others to make the RFC determination, thereby impermissibly substituting his opinion for that of medical professionals and (2) improperly relying on VE opinion testimony that was "erroneous on its face." See Docket # 8 at 18. For the reasons that follow, I find neither contention requires reversal of the ALJ's decision.

ALJ Did Not Improperly Substitute His Medical Opinions: While an ALJ is free to choose between properly submitted medical opinions, he may not substitute his own lay opinion for those of medical experts. Balsamo v. Chater, 142 F.3d 75, 81 (2d Cir. 1998). Here, the ALJ gave little weight to the opinions of consultative examiner Susan Santarpia, Ph.D. and disability determination services ("DDS") consultant M. Marks. AR at 24-25. Interestingly, both these opinions were less restrictive in their analyses of plaintiff's functional limitations than the limitations and restrictions assigned to plaintiff by the ALJ.

4

Nevertheless, plaintiff argues that the fact that the ALJ chose to impose more restrictions than these two opinions suggested were necessary demonstrates that the ALJ substituted his own medical opinions for the medical authority evidence in the record.

The Court disagrees. An "ALJ'S RFC finding need not perfectly correspond with any of the opinions of medical sources. Where an ALJ makes an RFC assessment that is more restrictive than the medical opinions of record, it is generally not a basis for remand." Baker o/b/o/ Baker v. Berryhill, 1:15-cv-00943-MAT, 2018 WL 1173782, at *2 (W.D.N.Y. Mar. 6, 2018) (internal quotations and citations omitted); see Castle v. Colvin, No. 1:15-CV-00113(MAT), 2017 WL 3939362, at *3 (W.D.N.Y. Sept. 8, 2017) ("the fact that the ALJ's RFC assessment did not perfectly match Dr. Balderman's opinion, and was in fact more restrictive than that opinion, is not grounds for remand."); Savage v. Comm'r of Soc. Sec., No. 2:13-CV-85, 2014 WL 690250, at *7 (D. Vt. Feb. 24, 2014) (finding no harm to claimant where ALJ adopted an RFC determination that was more restrictive than medical source's opinion).

Plaintiff also finds fault with the ALJ's determination to give less weight to the October 2015 opinion of treating source Dr. John Napoli than he gave to Dr. Napoli's March 2014 opinion. AR at 24-25. The treating physician rule, set forth in the Commissioner's regulations, "mandates that the medical opinion of a claimant's treating physician is given controlling weight if it

5

is well supported by medical findings and not inconsistent with other substantial record evidence." Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000); see 20 C.F.R. § 416.927(c)(2) ("Generally, we give more weight to medical opinions from your treating sources."). However, a treating doctor's opinion need not be given controlling weight when it is not well supported by medical findings and is inconsistent with other substantial record evidence, including other opinions of the treating doctor. Micheli v. Astrue, 501 F. App'x 26, 28 (2d Cir. 2012) ("A physician's opinions are given less weight when his opinions are internally inconsistent.") (citing Michels v. Astrue, 297 F. App'x 74, 75 (2d Cir. 2008) (summary order)); Shaw, 221 F.3d at 134.

In 2014, Dr. Napoli opined that plaintiff's memory, attention, and concentration were within normal limits (AR at 454, 461-62), that he was able to understand information (AR at 494-95), and noted that plaintiff was anxious, bothered by crowds, and hated taking the bus (AR at 454). Dr. Napoli's opinion that plaintiff had no evidence of limitations except for moderate inability to understand and remember instructions and function in a work setting was fully accounted for in the ALJ's RFC. In 2015, Dr. Napoli completed a "check the box" form in which he opined that plaintiff's anxiety and panic attacks made him "unable to meet competitive standards" in several areas, including working with or in close proximity to others, appropriate interaction with

6

the public, dealing with normal work stress, and using public transportation. AR at 610-11. Thus, there is no question that Dr. Napoli's 2015 opinion as to plaintiff's limitations was more restrictive than those expressed in his 2014 opinion. But the relevant issue for this Court is whether the ALJ's ultimate conclusions were supported by substantial evidence in the record and were based on a correct legal standard. An ALJ "may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." Goff v. Barnhart, 421 F.3d 785, 790 (8th Cir. 2005) (internal quotation omitted).

Here, the ALJ reviewed the record and found Dr. Napoli's 2015 opinion to be inconsistent with plaintiff's own hearing testimony, treatment notes maintained by Dr. Napoli, and Dr. Napoli's 2014 opinion. AR at 24-25. These findings were supported in the record and hence not error. See Micheli, 501 F. App'x at 28 ("A physician's opinions are given less weight when his opinions are internally inconsistent.") (citing Michels, 297 F. App'x at 75); Carvey v. Astrue, 380 F. App'x 50, 52 (2d Cir. 2010) (ALJ properly discounted opinion of treating physician where opinion was inconsistent with other medical opinions and claimant's own testimony); Krupczyk v. Comm'r of Soc. Sec., 342 F. Supp. 3d 352,

360 (W.D.N.Y. 2018) ("ALJ may disregard the opinion of a treating physician if it is internally consistent, or inconsistent with the record as a whole.").

ALJ's Reliance on Vocational Expert's Testimony: Plaintiff also alleges that the ALJ improperly relied on the VE's testimony. During plaintiff's hearing, the ALJ posed hypothetical questions to the VE and then asked how many of the proposed jobs a claimant could perform with the given limitations existed in the national economy. The VE responded with data not from the Dictionary of Occupational Titles ("DOT") but from Occupational Employment Statistics ("OES") groupings. AR at 66-73. The VE arrived at the number of jobs he cited by applying his own expertise to various sources he cross-referenced. See AR at 71-73. The ALJ asked the VE to explain his methodology and determined that the VE "accurately explained what he did and what he used to do it." AR at 73. The ALJ subsequently relied on the VE's testimony in his finding that plaintiff was not disabled and could engage in work with his given limitations that exists in sufficient numbers in the national economy. AR at 26-27.

Plaintiff appears to argue that if a VE cannot state how many jobs exist in the national economy for the specific DOT listings of the proposed occupations, the VE's testimony cannot constitute substantial evidence. Plaintiff asserts that the VE's job data testimony here failed to satisfy the Commissioner's burden at step

8

five of the sequential analysis. See Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) ("the burden shifts to the Secretary [at step five] to prove the existence of alternative substantial gainful work which exists in the national economy").

Plaintiff's argument fails for two reasons: (1) the VE properly explained his methodology and (2) the number of jobs needed to exist in the national economy at step five in order for the Commissioner to meet her burden was adequate under the law in our Circuit. First, it was not erroneous for the VE to go outside the DOT job codes to opine on the number of jobs existing in the national economy for each proposed occupation. Vandermark v. Colvin, No. 3:13-cv-1467(GLS/ESH), 2015 WL 1097391, at *12 (N.D.N.Y. Mar. 11, 2015). "DOT codes, however, just *define* jobs; they do not report *how many* such jobs are available in the economy. Thus, vocational experts must obtain additional information to assess whether positions exist for the occupations disability claimants can still perform." Id. (emphasis original). Where, as here, a VE relies on the Occupational Employment Quarterly (AR at 66), which uses Standard Occupational Classification ("SOC") codes, and the VE associated those employment numbers with DOT-based job types, a "VE's recognized expertise provides the necessary foundation for his or her testimony." Id. at *13 (quoting Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005));

see Brault, 683 F.3d at 446 ("a VE must use some method for associating SOC-based employment numbers to DOT-based job types.")

Second, "[w]ithin the Second Circuit, courts have refused to draw a bright line standard for the minimum number of jobs required to show that work exists in significant numbers, but courts have adopted a relatively low threshold number." Harper v. Berryhill, Civ. No. 3:16CV01168(SALM), 2017 WL 3085806, at *16 (D. Conn. July 20, 2017) (internal quotation omitted). Given that "[c]ourts generally accept as substantial evidence imprecise vocational expert opinions formed consistent with the methodology utilized by their professional contemporaries and based upon sources, materials and data generally deemed reliable", it was within the ALJ's discretion here to accept the VE's stated methodology as adequate. Vandermark, 2015 WL 1097391, at *16. Accordingly, no legal error was committed in the ALJ's reliance on the VE's expert opinion testimony. Id. at *17.

## Conclusion

It is not for this Court to decide the ultimate question of whether plaintiff is disabled under the Act. "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [the Court] will not substitute [its] judgment for that of the Commissioner." Veino v. Barnhart, 312 F.3d 578, 586 (2d Cir. 2002); see Alston v. Sullivan, 904 F.2d 122, 126 (2d Cir. 1990) ("Where there is substantial

evidence to support either position, the determination is one to be made by the factfinder.") (citation omitted). Based on the foregoing, plaintiff's motion for judgment on the pleadings (Docket # 8) is **denied** and the Commissioner's motion (Docket # 10) is **granted.** The Clerk is directed to enter judgment and close this case.

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: March 12, 2019
Rochester, New York